# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2024

Lyle W. Cayce
Clerk

————————

No. 23-20595
Summary Calendar

————————

Homer Daniels, Jr.,

*Plaintiff—Appellant*,

*versus*

Cement Masons Pension Fund for Northern California,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-1935

———————————————————————

Before Smith, Clement, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Pro se plaintiff Homer Daniels, Jr., filed a complaint raising claims under section 502(a) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a), which the district court dismissed as time barred. On appeal, Daniels asserts that he is entitled to pension benefits as alleged in

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20595

his complaint.  He does not argue that the district court erred in any way by dismissing the complaint.

This court construes pro se briefs liberally, but even a pro se litigant must brief arguments to preserve them.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Davis v. Lumpkin*, 35 F.4th 958, 962 n.1 (5th Cir. 2022). When an appellant fails to identify any error in a challenged ruling, it "is the same as if he had not appealed" that ruling.  *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  By not briefing any challenge to the dismissal of his complaint, Daniels has abandoned any such challenge.  *See Yohey*, 985 F.2d at 224-25; *Brinkmann*, 813 F.2d at 748.

AFFIRMED.